MDR

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Earl Cookman, | No.  CV 12-8249-PCT-DGC (BSB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Flagstaff Police Department, et al., | |
| Defendants. | |

On December 10, 2012, Plaintiff Russell Earl Cookman, who is confined in the Coconino County Jail in Flagstaff, Arizona, filed a *pro se* civil rights Complaint (Doc. 1), an incomplete Application to Proceed *In Forma Pauperis* (Doc. 2), and a Motion to Appoint Counsel (Doc. 4).  On December 26, 2012, he filed a Letter (Doc. 6) containing the remainder of his Application to Proceed.  The Court will dismiss the Complaint with leave to amend.

I.      **Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $4.24.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL

1    **II.      Statutory Screening of Prisoner Complaints**

2            The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

6    which relief may be granted, or that seek monetary relief from a defendant who is

7    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8            A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

10   does not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable

18   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

19   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

20   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

21   specific factual allegations may be consistent with a constitutional claim, a court must

22   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

23   at 681.

24          But as the United States Court of Appeals for the Ninth Circuit has instructed,

25   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

26   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

27   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

28   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    If the Court determines that a pleading could be cured by the allegation of other

2    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

3    of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

4    Court should not, however, advise the litigant how to cure the defects.  This type of

5    advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

6    *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

7    decide whether the court was required to inform a litigant of deficiencies).  The Court

8    will dismiss Plaintiff's four-count Complaint for lack of subject matter jurisdiction, but

9    because the Complaint may possibly be saved by amendment, will dismiss the Complaint

10   with leave to amend.

11   **III.    Lack of Jurisdiction**

12       Federal courts have limited jurisdiction, and limitations on the court's jurisdiction

13   must neither be disregarded nor evaded.  *Owen Equip. & Erection Co. v. Kroger*, 437

14   U.S. 365, 374 (1978).  The Court is obligated to determine *sua sponte* whether it has

15   subject matter jurisdiction.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.

16   2004).  *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

17   subject-matter jurisdiction, the court must dismiss the action.").

18       Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that

19   states a claim for relief must contain: (1) a short and plain statement of the grounds for

20   the court's jurisdiction."  In order to proceed in federal court, Plaintiff must demonstrate

21   some right of action and legal entitlement to the damages he seeks.  In this case, the most

22   likely source of a right to sue is **42 U.S.C. § 1983**.  **Section 1983** provides a cause of

23   action against persons acting under color of state law who have violated rights guaranteed

24   by the United States Constitution and federal law.  The Court has jurisdiction over such

25   cases pursuant to **28 U.S.C. § 1343(a)(3)**.

26       Plaintiff has not alleged that his Complaint arises pursuant to 42 U.S.C. § 1983 or

27   that the Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3).  He has alleged no

28   jurisdictional basis at all.    Thus, the Court will dismiss Plaintiff's Complaint, without

1 prejudice, for lack of subject matter jurisdiction.  *See Watson v. Chessman*, 362 F. Supp.

2 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . .  infer allegations supporting

3 federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively

4 alleged.").

5 **IV.    Leave to Amend**

6 Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction.

7 Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies

8 outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for

9 filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the

10 Court may strike the amended complaint and dismiss this action without further notice to

11 Plaintiff.

12 Plaintiff must clearly designate on the face of the document that it is the "First

13 Amended Complaint."  The first amended complaint must be retyped or rewritten in its

14 entirety on the court-approved form and may not incorporate any part of the original

15 Complaint by reference.  Plaintiff may include only one claim per count.

16 If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

17 telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name

18 of the Defendant who violated the right; (3) exactly what that Defendant did or failed to

19 do; (4) how the action or inaction of that Defendant is connected to the violation of

20 Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of

21 that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

22 Plaintiff must repeat this process for each person he names as a Defendant.  If

23 Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

24 injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

25 failure to state a claim.  **Conclusory allegations that a Defendant or group of**

26 **Defendants have violated a constitutional right are not acceptable and will be**

27 **dismissed**.

28

1    Plaintiff should also take note that § 1983 provides a cause of action against

2    persons acting under color of state law who have violated rights guaranteed by the United

3    States Constitution and federal law.   42 U.S.C. § 1983; *see also Buckley v. City of*

4    *Redding*, 66 F.3d 188, 190 (9th Cir. 1995).   Plaintiff has failed to allege any

5    constitutional or federal-law violations in his four-count Complaint.

6    A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

7    963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

8    F.2d 1542, 1546 (9th Cir. 1990).   After amendment, the Court will treat an original

9    complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

10   in the original complaint is waived if it is not raised in a first amended complaint.  *King v.*

11   *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

12   **V.     Motion to Appoint Counsel**

13   There is no constitutional right to the appointment of counsel in a civil case.  *See*

14   *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).

15   In proceedings *in forma pauperis*, the court may request an attorney to represent any

16   person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28

17   U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.

18   *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to

19   exceptional circumstances requires an evaluation of the likelihood of success on the

20   merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the

21   complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and

22   both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v.*

23   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

24   Having considered both elements, it does not appear at this time that exceptional

25   circumstances are present that would require the appointment of counsel in this case.

26   Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court

27   will deny without prejudice Plaintiff's Motion to Appoint Counsel.

28   . . . .

## VI.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $4.24.

(3)   Plaintiff's Motion to Appoint Counsel (Doc. 4) is **denied without prejudice**.

(4)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 5th day of March, 2013.

_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

|  |  |  |
|---|---|---|
| <u>Phoenix & Prescott Divisions:</u> | **OR** | <u>Tucson Division:</u> |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
> Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.   <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.   <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, )<br>(Full Name of Plaintiff)   Plaintiff, ) <br> ) <br>vs.   ) <br> ) <br>(1)_____, ) <br>(Full Name of Defendant) ) <br>(2)_____, ) <br> ) <br>(3)_____, ) <br> ) <br>(4)_____, ) <br>Defendant(s).  ) <br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | | |

**CASE NO.** _____
(To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint


## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07           1

**550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
            (Position and Title)                          (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
            (Position and Title)                          (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
            (Position and Title)                          (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
            (Position and Title)                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?　　☐ Yes　　　☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.　Parties: _____ v. _____
        2.　Court and case number: _____.
        3.　Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    b.  Second prior lawsuit:
        1.　Parties: _____ v. _____
        2.　Court and case number: _____.
        3.　Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    c.  Third prior lawsuit:
        1.　Parties: _____ v. _____
        2.　Court and case number: _____.
        3.　Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities        ☐ Mail              ☐ Access to the court      ☐ Medical care

☐ Disciplinary proceedings  ☐ Property          ☐ Exercise of religion     ☐ Retaliation

☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.    **Administrative Remedies:**

a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes    ☐ No

b.    Did you submit a request for administrative relief on Count I?              ☐ Yes    ☐ No

c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No

d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

3

## COUNT II

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?    ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count III?              ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?     ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                DATE                                     SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.